## UNITED STATES v. BEDA.

### No. 8391.

District Court, E. D. New York.
Nov. 16, 1939.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for complainant.

Herman J. Rubenstein, of New York City, for respondent.

BYERS, District Judge.

The complainant seeks the cancellation of certificate of naturalization No. 2694065, and that the order of the United States District Court for the Southern District of New York, entered November 9, 1927, admitting the respondent to citizenship, be vacated, cancelled and set aside, etc.

The grounds on which this relief is sought are:

First: That the respondent did not live within the judicial district of the court in which his naturalization was granted; namely, that at the time he filed the declaration of intention in the United States District Court for the Southern District of New York, he was not a resident within that district, and that the naturalization proceedings which were conducted in the Supreme Court of the State of New York, in the County of Bronx, were without lawful basis because the actual residence of the respondent was in Brooklyn, within the jurisdiction of this court.

Second: That the respondent abandoned his status as a permanent resident of the United States following his admission to this country on August 20, 1919, and that his subsequent presence here was that of a visitor until he had been readmitted for permanent residence.

If the latter charge is true, it would follow that the naturalization of the respondent was illegally procured, because at the time he was not residing in the United States pursuant to admission for permanent residence, and therefore had not resided continuously within this country for five years immediately preceding the date of his petition.

(a) On or about March 12, 1924, the respondent executed and filed a declaration of intention in the United States District Court for the Southern District of New York, in which he stated the following:

Birth in Aleppo, Syria, on June 15, 1892; residence at 42 Rivington St., New York City; emigrated to the United States

from the Argentine, which was the last place of his foreign residence; and that he proposed to renounce allegiance and fidelity to the Argentine Republic, of which he was a naturalized citizen, and that he arrived in New York on the 20th of August, 1919.

(b) On or about June 4, 1927, he executed, verified and filed in the Supreme Court, County of Bronx, a petition for naturalization, in which he stated his residence to be 783 Prospect Ave., New York City (presumably in the Borough of the Bronx); the date and place of birth and his emigration to the United States as stated in the declaration of intention, which was properly described in the said petition.

He stated that it was his intention to renounce all allegiance and fidelity, etc., to the "Pres. Sovereignty of Syria & Rep. of Turkey, of whom at this time I am a subject * * *."

That he had resided continuously in the United States of America for the term of five years immediately preceding the date of the said petition; namely, since August 19, 1919.

The petition of course was accompanied by the affidavits of witnesses.

With the said petition he filed his declaration of intention above referred to, which bore the number 126700.

(c) The respondent was engaged in business as a merchant and had a place of business in the City of New York and also in Havana, Cuba, and in the latter city he resided for a part of each year between 1920 and 1927, the date of the petition for naturalization.

(d) Under date of September 5, 1924, the respondent, being in Havana, Cuba, obtained admission to the United States on his representation that he was a non-immigrant alien desiring to visit the United States and to remain there for a period of three months. In order to obtain the necessary leave, he signed and verified before the American Consulate General in Havana, Cuba, a declaration on form No. 257, in which he recited that he was at that time a citizen of the Argentine Republic, bearing a passport No. 100, dated December 30, 1922, issued by the Consulate General of the Argentine Republic at New York, and he stated:

"My occupation for the last two years was Importer of dry-goods, established in Santa Clara, Calle No. 25, Habana, and at present is same.

"I desire to proceed to the United States for the purpose of temporary business visit * * *

"I consider myself as a non-immigrant under the provisions of the Immigration Act of 1924 on the following grounds:

"temporart business visit * * *."

Then follows a recital of his familiarity with the Act of February 5, 1917, and with the Immigration Act of 1924 having to do with the admission to the United States of immigrants visiting temporarily.

(e) Under date of September 5, 1925, he signed, verified and filed in the same office a similar declaration of non-immigrant alien, reciting that he was a citizen or subject of "French (protege)" bearing passport No. 431, dated September 5, 1925, issued by the "French Consulate (Legation) Habana." He stated that he desired to remain two months, and that he considered himself a non-immigrant, namely, a temporary visitor.

(f) Under date of November 6, 1926, he executed, verified and filed a similar application, and described himself as a citizen or subject of Syria, bearing passport No. 431, dated September 5, 1925, issued by the French Legation in Havana, and recited that he desired to proceed to the United States for a temporary business visit to remain two months, again stating that he considered himself as a non-immigrant.

(g) According to the evidence, the respondent spent a considerable but indefinite portion of his time in, and as a resident of, Havana, during the years covered by the foregoing findings, at times residing there with his wife and children for as much as a year. Thus it appears that the statement contained in his petition for naturalization that he had resided continuously in the United States for a term of five years immediately prior to June 4, 1927, was false and untrue, and known to be so by the respondent.

His descriptions of his residence in Havana as recited in the above findings, and of his status as a naturalized citizen of the Argentine, and again of the Republic of France, for the purpose of procuring permits for temporary visits to the United States, were of course opposed to his sworn assertion in his said petition, that during the five years prior to June 4, 1927, he was a permanent resident of the United States.

The certificate of naturalization granted to the respondent, bearing number

2694065, and the order of the United States District Court for the Southern District of New York, entered on November 9, 1927, must be vacated, cancelled and set aside.

Settle decree in accordance with the foregoing findings.